IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALBERT S. SMYTH CO., INC., *et al.*　　　*

v.　　　*　　　Civil Action No. CCB-17-677

MARK A. MOTES, *et al.*　　　*

　　　*
　　　***

**Memorandum**

The plaintiffs, a group of related jewelry businesses—Albert S. Smyth Co., Inc.; Smyth Ellicott City, LLC; Smyth Annapolis, LLC; Smyth Management Services, LLC; Smyth Enterprises, LLC; and TheDiamondStore.com, LLC—originally sued Mark A. Motes, claiming that he breached his employment agreement by paying himself more than he was entitled to, and requesting injunctive relief to enforce a restrictive covenant in the agreement. The plaintiffs wish to amend their complaint[1] to add two additional defendants—John Jackson III and Meritage Fine Jewelers, LLC—and four additional claims—(1) violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836; (2) violation of the Maryland Uniform Trade Secrets Act, MD. CODE COMM. LAW § 11-1203; (3) breach of restrictive covenants; and (4) breach of fiduciary duty. (ECF No. 54). They also have filed a motion for a preliminary injunction, (ECF No. 36), two related discovery motions, (ECF Nos. 37, 38), and a motion to set a briefing schedule, (ECF No. 40). For the reasons stated below, the plaintiffs' motion to amend will be granted, but its motion for injunctive relief, and related discovery and briefing motions, will be denied without prejudice. In granting the motion to amend, the court also will deny, without prejudice, Motes's motion to dismiss the original complaint and allow all defendants to refile motions to dismiss the plaintiffs'

---

[1] The court is considering the plaintiffs' third proposed amended complaint. (ECF No. 54).

1

amended complaint.

## I. Motion to Amend

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "[L]eave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." *U.S. v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000). "Delay alone . . . without any specifically resulting prejudice, or any obvious design by dilatoriness to harass the opponent, should not suffice as reason for denial." *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980).

Motes argues that he will be prejudiced by the plaintiffs' motion to amend because granting it would further delay the resolution of this action. But that is exactly the sort of naked prejudice-by-delay claim that *Davis* declared insufficient to defeat a motion to amend. To be sure, Motes also claims that he has been prejudiced by adverse media publicity and the existence of this litigation. That argument, however, says nothing about whether the plaintiffs' motion to amend itself would cause prejudice, but rather expresses Motes's frustration that he has been sued at all.

Motes also argues that the motion should be denied as futile. A motion to amend should be denied as futile "when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). The plaintiffs' amendments are not insufficient on their face. The plaintiffs do not attempt to assert time-barred claims or claims this court has already dismissed. Instead, the amendments add two new causes of action that, as evidenced by the 18 pages Motes spends opposing them, (ECF No. 61), are not obviously futile. *See id.* at 511 ("The complexity of the arguments advanced by counsel on both

sides indicates that the issue of the . . . [plaintiff's claim] is not obviously frivolous"). Nor is doubt as to the merits of the plaintiffs' additional claims reason to deny their motion to amend. The possibility that the plaintiffs' claim will be dismissed does not mean that dismissal is inevitable. *See id.* Thus, Motes also fails to defeat the plaintiffs' motion on the futility prong.[2] Accordingly, the plaintiffs' motion to amend will be granted. The defendants are free to file motions to dismiss the plaintiffs' amended complaint.

II. Motion for Injunctive Relief[3]

The plaintiffs also have filed a motion for injunctive relief, grounded in their first proposed amended complaint, arguing that they are likely to succeed on their federal and state trade secret claims, a civil RICO claim, and their claim that Motes violated a restrictive covenant, in part because he allegedly started a competing business venture. (ECF No. 36). The plaintiffs also allege that they are likely to suffer irreparable harm in the absence of preliminary relief.

"[I]njunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to relief." *Di Biase v. SPX Corporation*, 872 F.3d 224, 230 (4th Cir. 2017) (internal quotation marks omitted). Thus, a party moving for a preliminary injunction must show that she is "(1) likely to succeed on the merits; (2) that [she] is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in [her] favor; and (4) that an injunction is in the public interest." *Winter v. Natural Reources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

---

[2] This result also compels denying the plaintiffs' motion for leave to file a surreply, (ECF No. 13), to Motes's motion to dismiss the original complaint.

[3] The plaintiffs' original motion for injunctive relief, and other related motions, included defendants Mason Motes, Brian McCullough, and Meritage Fine Jewelers, LLC. The parties, however, stipulated that the motions were to be withdrawn as to those defendants but would remain as to Motes. (ECF No. 41). Although Meritage Fine Jewelers, LLC remains a defendant in this suit under the proposed third amended complaint, Mason Motes and Brian McCullough do not.

3

This motion is now moot. It contains different claims—it presses a civil RICO claim, but not a breach of loyalty claim—than the claims present in the plaintiffs' third amended complaint.

It is worth noting, moreover, that even if the motion were not moot, the plaintiffs' argument for irreparable injury is significantly belied by the nearly one year delay caused, in part, by the shifting defendants and arguments across three proposed amended complaints. Further, a review, though certainly not a final resolution, of the plaintiffs' amended complaint does not make it clear that the plaintiffs are entitled to preliminary relief. The plaintiffs argue that Motes is violating a restrictive covenant by participating in a competing jewelry business. But that argument is undercut by the fact that, even if Motes is subject to a restrictive covenant, it is not clear from the amended complaint that he is personally involved in the business. (Am. Compl., ECF No. 54, ¶ 83).[4] Moreover, although the complaint alleges that a new defendant, John Jackson III, accessed and maintained control over trade secrets after his employment with the plaintiffs ended, no similar allegation has been levied against Motes. (*See id.* at ¶¶ 74-81). Nonetheless, the plaintiffs are free to renew their request for a preliminary injunction based on their amended complaint.

Because the court is denying the plaintiffs' motion for injunctive relief, it also will deny as moot the plaintiffs' related motions for expedited discovery, (ECF No. 37), forensic examination, (ECF No. 38), and for a briefing schedule, (ECF No. 40).

---

[4] The plaintiffs do allege that Motes is involved in the competing jewelry business through his "intimate partner" and part owner of the business, Jennifer McCullough. (Am. Compl. ¶ 84). This allegation alone, however, does not make it clear that the plaintiffs are entitled to relief.

**Conclusion**

In sum, the plaintiffs' motion to amend their complaint will be granted. Motes's outstanding motion to dismiss will be denied as moot, without prejudice. He, along with the newly added defendants, are free to file motions to dismiss the plaintiffs' amended complaint. The plaintiffs' motion for injunctive relief, and related motions, also will be denied, without prejudice. A separate order follows.


   March 20, 2018                                              /s/
          Date                                              Catherine C. Blake
                                                             United States District Judge