**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 19, 2019

LETTER TO COUNSEL

      RE:    *Albert S. Smyth Co., Inc., et al. v. Mark A. Motes*, *et al.*,
               Civil No. CCB-17-677

Dear Counsel:

On March 19, 2019, this matter was referred to me for discovery disputes and related scheduling matters. ECF 99. Presently pending is Defendant/Counter-Plaintiff Mark Motes's ("Motes") Motion for Sanctions for Failure to Comply with the April 3, 2019 Discovery Order. ECF 104. Plaintiffs/Counter-Defendants Smyth Ellicott City, LLC and Smyth Annapolis, LLC ("Smyth") opposed the Motion. ECF 106. Motes did not file a Reply. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated below, Motes's Motion is denied.

## I.    Background

On March 18, 2019, Motes filed a Motion to Compel Smyth's Discovery Responses. ECF 98. On April 3, 2019, this Court held a teleconference to discuss the status of discovery. ECF 100. Following the teleconference, the Court memorialized its rulings and the parties' agreements in a Letter Order. ECF 102. The April 3, 2019 Letter Order granted in part and denied in part Motes's Motion, and directed Smyth to provide certain discovery responses on or before April 30, 2019. *Id.*

Specifically, the Court ordered Smyth to: provide a certification, pursuant to Federal Rule of Civil Procedure 26(g), as to the non-existence of information and files responsive to Interrogatory Numbers 4 and 16; provide a narrative response to Interrogatory Numbers 7, 11, 12, 13, 14, 15, 17, and 18; identify, by Bates Number, the 2009 meeting minutes responsive to Interrogatory Numbers 7, 11, 12, 13, 14, and 17; and to "de-de-duplicate" the documents produced, responsive to Requests for Production Numbers 3, 11, 22, and 23, in order to produce all cover emails for various attachments. ECF 102 at 1-2.

On May 8, 2019, Motes filed the pending Motion for Sanctions, contending that Smyth had produced certain cover emails on May 1, 2019, but had otherwise failed to comply with the Court's April 3, 2019 Letter Order. ECF 104 at 2. In its Response, Smyth conceded that it failed to provide the discovery responses by April 30, 2019, but maintained that "counsel had mistakenly failed to do so," and has since provided Motes with the required discovery. ECF 106 ¶¶ 2, 6, 14; ECF 106-1, ECF 106-2. Motes seeks sanctions and attorneys' fees for Smyth's failure to comply. *Id.*

## II. Discussion

Motes seeks a sanction of contempt against Smyth, or a "lesser sanction of precluding Smyth from supporting its defense to Motes's breach of contract claims, including but not limited to introducing evidence regarding any alleged oral modification at trial and from supporting its defense to Mr. Motes' accounting claims, including but not limited to introducing evidence regarding its alleged provision of a complete and timely accounting for taxable year 2016." ECF 104 at 6. In addition, Motes seeks the reasonable expenses, including attorneys' fees, incurred by Motes in filing his Motion to Compel and his Motion for Sanctions. *Id.* at 7.

### A. Motion for Sanctions

Under Federal Rule of Civil Procedure 37(d)(1)(A)(ii), the Court may grant a motion for sanctions if a party fails to serve answers, objections, or a written response to properly served discovery requests. The motion must certify that "the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Fed R. Civ. P. 37(d)(1)(B). When granting the motion, the Court has broad discretion to select any of the sanctions listed in Federal Rule 37(b)(2)(A), including "prohibiting the disobedient party from supporting or opposing designated claims or defenses," or "treating as contempt of court the failure to obey any order." Instead of, or in addition to, these sanctions, the Court "must require the party failing to act, the attorney advising that party, or both to pay reasonable expenses, including attorneys' fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

When determining which of the Rule 37 sanctions is appropriate, courts in the Fourth Circuit consider four factors: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *S. States Rack and Fixture, Inc. v. Sherwin-Williams, Co.*, 318 F.3d 592, 597 (4th Cir. 2003) (internal quotation marks omitted). The presence or absence of any one of these factors is not dispositive. *See Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 533 (D. Md. 2010).

I do not find the sanctions sought by Motes to be appropriate, in part because it appears that Motes failed to confer in good faith with Smyth to obtain the discovery responses without court action, and because Smyth has offered a reasonable explanation for its untimely service, and has since provided the ordered discovery. *See* ECF 106, 106-1, 106-2. After application of the factors, I find that Smyth's untimely service does not reflect bad faith on Smyth's part, nor has Motes been prejudiced by the delay. As of May 9, 2019, Smyth represented that it had fully complied with the April 3, 2019 Letter Order, and provided copies of its supplemental responses reflecting the same. ECF 106 ¶ 14; ECF 106-1; ECF 106-2. Importantly, Smyth explained its inadvertently delayed service as a mistake by counsel when, on April 30, 2019, he intended to bundle all of the discovery responses into a single folder for Dropbox, but mistakenly only shared the de-de-duplicated emails. ECF 106 ¶ 6. When Smyth's counsel followed up on May 1, 2019, to ensure that Motes had received the discovery responses, he did not receive a reply that day. *Id.* ¶¶ 7, 8. Rather, on May 2, 2019, Motes's counsel asked Smyth's counsel to share the Dropbox folder with her ESI vendor, which Smyth's counsel did immediately. *Id.* Smyth was unaware that the Dropbox folder did not contain all of the required discovery responses until Motes filed the

presently pending motion on May 8, 2019. *Id.* ¶ 9. Motes did not file a Reply to either refute or confirm Smyth's explanation. Accordingly, I do not find that Motes suffered any prejudice from this one-week delay, and the sanctions sought are not appropriate.

### B. Attorneys' Fees

Motes asks that this Court award him the reasonable expenses and attorneys' fees he incurred in filing his Motion to Compel, ECF 98, and his Motion for Sanctions, ECF 104. ECF 104 at 7. With respect to attorneys' fees, Federal Rule of Civil Procedure 37 provides that, if a motion to compel:

> is granted--or if the … requested discovery is provided after the motion was filed-- the court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees.

Fed. R. Civ. P. 37(a)(5)(A). Moreover, if the motion is granted in part and denied in part, "the court *may* … apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C) (emphasis added). However, a "court must not order [] payment if … the opposing party's nondisclosure, response, or objection was substantially justified[.]" *Id.* "A legal position is 'substantially justified' if there is a 'genuine dispute' as to proper resolution or if 'a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" *Proa v. NRT Mid Atl., Inc.*, 633 F. Supp. 2d 209, 213 (D. Md. 2009), *aff'd sub nom. Pro v. NRT Mid-Atl., Inc.*, 398 F. App'x 882 (4th Cir. 2010) (quoting *Decision Insights, Inc. v. Sentia Grp., Inc.*, 311 Fed. App'x 586 (4th Cir. 2009)); *see also Lynn v. Monarch Recovery Mgmt., Inc.*, 285 F.R.D. 350, 365 (D. Md. 2012) ("Courts have concluded that 'substantial justification' could include making meritorious objections to requested discovery, or even engaging in a legitimate dispute over the sequence of discovery.") (citation and internal quotations omitted).

Here, because the Court is denying Motes's Motion for Sanctions, the Court's April 3, 2019 Letter Order granting in part and denying in part Motes's Motion to Compel is the only potential basis for awarding Motes attorneys' fees and expenses. *See* ECF 102. During the April 3, 2019 teleconference, Smyth offered substantial justifications for its alleged deficient discovery responses, including that some information and files sought did not exist, and that it had already produced certain responsive documents. *See* ECF 102 at 1-2. Indeed, the Court's Letter Order did not order Smyth to provide any new discovery, but rather to certify its answers, to provide narrative responses, and to reproduce documents that had already been produced. Thus, I find that an award of reasonable expenses and attorneys' fees incurred by Motes in filing his Motion to Compel is inappropriate.

### III. **Conclusion**

For the reasons discussed herein, Motes's Motion for Sanctions, ECF 104, is DENIED.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge